IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

STEVEN COLE,

*Petitioner*.

Criminal No.:  ELH-18-0167
Related Civil Case: ELH-23-3256

## MEMORANDUM

Steven Cole, the self-represented Petitioner, has filed a motion under 28 U.S.C. § 2255.  ECF 142 ("Second Motion").[1]  Cole acknowledges that his submission is a "second-successive motion," *id.*at 1, but he claims that he has discovered "new information," and has "stumbled across" pertinent cases.  *Id.*  The government opposes the Motion.  ECF 145.  It maintains that defendant has not satisfied the requirements under 28 U.S.C. § 2255(h) for a successive petition.[2]

No hearing is necessary to resolve the Second Motion.  For the reasons that follow, I shall dismiss the Second Motion.

## I.  Background

On March 27, 2018, a federal grand jury returned an Indictment charging defendant with Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1) (Count One); Possession of a Firearm In Furtherance of a Drug Trafficking Crime, in violation of 18

---

[1]  The Second Motion was inadvertently docketed in case ELH-22-2020.  That case number corresponded to an earlier § 2255 motion filed by Cole.  The Second Motion was recently assigned a new civil case number.

[2]  Defendant has also filed a motion for compassionate release.  ECF 144.  It is not yet ripe, and will be addressed separately by the Court as soon as possible.

U.S.C. § 924(c) (1)(A)(i) (Count Two); and Felon In Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Count Three).

Defendant entered a plea of guilty on December 11, 2018 (ECF 25) to Count One and Count Two of the Indictment, pursuant to a Plea Agreement.  ECF 27 (Plea Agreement); ECF 137 (Transcript).  Count One carried a maximum term of imprisonment of 20 years.  For Count Two, the minimum term of imprisonment is five years, with a maximum of life, and the sentence for Count Two must run consecutive to the sentence for Count One.  ECF 27, ¶ 3; ECF 30 (Presentence Report or "PSR"), ¶¶ 75, 76.

During the proceeding conducted by the Court under Fed. R. Crim. P. 11, ECF 137-1 (Transcript) at 31-33, and pursuant to the factual stipulation in the Plea Agreement, ECF 27 at 10-11, Cole admitted to the following facts, *id.*:

> The Defendant, Steven Cole, age 31, is a resident of Baltimore, Maryland.  On December 5, 2017, Cole was selling opioid narcotics in the area of 2400 Winchester Street in Baltimore, less than a block away from the James Mosher Elementary School and across the street from a baseball field adjacent to the school. On his person, Cole carried a revolver-style handgun.

> That same day, while driving in the area of the 2400 block of Winchester Street, Baltimore City Police officers observed Cole approach the passenger-side of a gold color vehicle and open its door. Officers then saw Cole attempt to hand the driver of the vehicle small items that they understood to be narcotics. As the officers drove by, Cole—who was wearing glasses, a grey sweatshirt, and a black puffy jacket—stood straight up and looked in the direction of the officers' vehicle.

> The officers then stopped their vehicle and began conducting a U-turn, understanding that they had just interrupted a drug sale.

> In response, Cole fled and ran into the stairwell inside the apartment complex located at 2400 Winchester Street. The officers gave chase. One officer proceeded up the complex's north stairwell; the other proceeded up its south stairwell.

> The officer proceeding up the south stairwell located Cole's glasses in the stairwell. The officer proceeding up the north stairwell located Cole on the third floor of the apartment complex just a few feet away from the same black puffy jacket that he was previously wearing. Cole had placed it on the ground next to a bag of garbage. The

officers then arrested Cole.

At the time Cole was located on [the] third floor of the complex, no one else was present except the arresting officers and Cole. Further, the arrest and search of Cole was captured by the officers' body-worn cameras.

Cole's black puffy jacket, which Cole falsely told officers was not his, was secured by the officers. It was clean and warm to the touch, and contained within it was a black fanny pack that contained a Fie Titanic .32 caliber revolver bearing serial number B23744 and five rounds of ammunition. Prior to its recovery by the police officers, Cole possessed the pistol. Furthermore, Cole possessed this firearm in connection with his illegal business selling opioid narcotics. Cole is prohibited from possessing firearms, having sustained several previous felony convictions, including two past convictions for possession with intent to distribute controlled dangerous substances.

During the search of Cole incident to his arrest, officers also recovered a number of pills—2.99 grams' worth total—which ultimately tested positive for oxycodone. Cole possessed these opioid narcotics for the purpose of selling them to customers. The officers likewise recovered $443.00 from Defendant, which were proceeds from his sale of drugs.

Cole is a social media user, and on March 5, 2018, law enforcement obtained a federal search and seizure warrant for Cole's Facebook and Instagram accounts. Law enforcement reviewed the returns from the warrant and discovered, among other things, (1) several pictures of Cole wearing the same black puffy jacket that he had previously abandoned on the third floor of 2400 Winchester Street and that ultimately contained the fanny pack with the gun in it; (2) pictures of Cole handling what appeared to be large amounts of cash; (3) a picture of OxyContin pills; (4) two pictures of handguns; (5) and various gang-related postings, including posts that stated, respectively, "My religion is Crippin" and "WARNING! CRIPS DO IT BETTER."

The Presentence Report (ECF 30) determined that Cole qualified as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). *Id.* ¶ 27; *see id*. ¶¶ 35, 37 (the predicate offenses). After deductions for acceptance of responsibility under U.S.S.G. § 3E1.1, defendant had a final offense level of 29. *Id.* ¶ 30.[3] And, he had a Criminal History category of VI, because of his career offender status. *Id.* ¶ 41; U.S.S.G. § 4B1.1(b).

---

[3] If defendant were not a career offender, as to Count One, he would have had a final offense level of 13. *See* ECF 30, ¶¶ 25, 28, 29. Count Two requires a consecutive sentence of at least five years' imprisonment, with a maximum of life. And, the Guideline sentence for Count Two would have been the statutory minimum term of imprisonment. U.S.S.G. § 2K2.4(b).

However, if Cole were not a career offender, he would have had a Criminal History category of V.  ECF 30, ¶ 40.[4]

The Guidelines for Count One called for a period of incarceration ranging from 151 months to 188 months.  *Id.* ¶ 77.  With the mandatory minimum sentence of 60 months for Count Two, the total Guidelines ranged from 211 months to 248 months of incarceration.  *Id.* ¶ 78.  But, because defendant was deemed a career offender who was convicted of an offense under 18 U.S.C. § 924(c), the Guidelines were increased to 262 months to 327 months of imprisonment.  *Id.*; *see* U.S.S.G. §§ 4B1.1(c)(3); § 5G1.2(e); and § 2K2.4(b).

At sentencing on April 22, 2019, the Court determined that defendant qualified as a career offender.  And, the Court agreed with the Guidelines sentencing range of 262 to 327 months of imprisonment.  ECF 44 (Sentencing Tr.) at 12, 15-22.  The government asked the Court to impose a sentence of 120 months' imprisonment.  ECF 31 at 1; ECF 66-5 at 28. Defendant sought a sentence of eight years of imprisonment.  *Id.* at 32-33.

The Court imposed a total sentence of nine years' imprisonment—48 months as to Count One and 60 months, consecutive, as to Count Two.  *Id.*  Defendant received credit from December 6, 2017.  *Id.*

Judgment was entered on April 23, 2019.  ECF 41.  Defendant did not notice an appeal. And, in the Plea Agreement, defendant waived many of his appellate rights.

On August 12, 2022, more than three years after the sentencing on April 22, 2019, Cole filed a petition for post-conviction relief.  ECF 125 ("First Motion").  He claimed that he is actually innocent because he did not, in fact, possess the firearm.  Notably, however, while

---

[4] Based on amendments to the Guidelines that went into effect on November 1, 2023, if defendant were sentenced today, he would have a total of nine criminal history points, rather than ten.  *See* U.S.S.G. § 4A1.1(e).  Nine points yields a criminal history category of IV.

defendant was under oath at his Rule 11 proceeding, he admitted to the gun possession. ECF 125 at 3; ECF 125-1 at 1.  Moreover, defendant claimed ineffective assistance of counsel. ECF 125 at 3.

By Memorandum Opinion and Order of February 2, 2023 (ECF 138, ECF 139), I concluded that the First Motion was untimely under 28 U.S.C. § 2255(f), and that equitable tolling did not apply.  Alternatively, I concluded that the First Motion lacked merit.

The Second Motion followed on August 25, 2023.  ECF 142.  No hearing is necessary to resolve it.

## II. Discussion

This is not Cole's first petition under 28 U.S.C. § 2255. And, he may only file an additional petition with authorization from the appropriate circuit court of appeals. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). Cole has not presented evidence that he obtained that authorization.

Section 2255(h) of 28 U.S.C. states:

> A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate Court of Appeals to contain – (1) newly discovered evidence that, if proven in view of in light of the evidence as a whole, would be sufficient to establish a clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255." *United States v. Emanuel*, 288 F.3d 644, 647 (4th Cir. 2002), *overruled in part on other grounds by Castro v. United States*, 540 U.S. 375, 383 (2003). First, AEDPA requires that a successive

§ 2255 motion "must be certified...by a panel of the appropriate court of appeals..." 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the circuit court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h).

As noted, Cole was previously denied post conviction relief. *See* ECF 138, ECF 139. Therefore, under 28 U.S.C. § 2255(h), the United States Court of Appeals for the Fourth Circuit must certify his entitlement to file a successive § 2255 motion. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

As the Fourth Circuit explained in *In re Goddard*, 170 F.3d 435, 437 (4th Cir. 1999), the successive habeas bar exists to ensure that a defendant is afforded one opportunity to attack his sentence collaterally. The limitation is important to prevent serial filings raising countless claims. Accordingly, before this Court may examine a successive motion on the merits, the Fourth Circuit must enter an order authorizing consideration of a successive motion filed by Cole. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

It is clear that Cole cannot satisfy the threshold requirements of § 2255(h)(2) for a successive § 2255 motion because he has not obtained authorization from the Fourth Circuit for the filing of a successive petition. Without the requisite pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application . . . ." *Winestock*, 340 F.3d at 205; *see Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997). As a result, the Second Motion must be dismissed.

### III.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant as to a post conviction claim.

A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Cole has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.  But, this does not preclude Cole from seeking a COA directly from the Fourth Circuit.

An Order follows, consistent with this Memorandum.

Date:   December 4, 2023

                                                _____/s/_____
                                                Ellen L. Hollander
                                                United States District Judge