IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN COLE,<br>*Defendant*. | Criminal No. ELH-18-167 |

**MEMORANDUM**

On July 27, 2026, the Court received a letter from defendant Steven Cole, requesting early dismissal of his "probation." ECF 182 (the "Request"), at 2. Both the government (ECF 185) and the Probation Agent (ECF 186) oppose the request for early termination of defendant's supervised release. For the reasons that follow, I shall deny the Request, without prejudice.

**I. Factual and Procedural Background**

Defendant was indicted on March 27, 2018 (ECF 1) and charged with three offenses: possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a)(i) (Count Two); and possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g) (Count Three).

Pursuant to a Plea Agreement (ECF 27), the defendant entered a plea of guilty as to Counts One and Two on December 11, 2018. ECF 25. At sentencing on April 22, 2019, the Court determined that Cole qualified as a Career Offender. ECF 39; ECF 44 (Sentencing Transcript), at 20-22. Therefore, defendant's advisory sentencing guideline range called for a period of incarceration ranging from 262 to 327 months. *Id.* at 14. However, the Court imposed a sentence of nine years imprisonment (108 months), *i.e.*, 48 months as to Count One and the mandatory minimum sentence of 60 months, consecutive, as to Count Two. ECF 41. Defendant's sentence

dated to December 6, 2017. *Id.* In addition, the Court imposed a total term of five years of supervised release, with special conditions. *Id.* at 3, 4. These included participation in a mental health treatment program and a substance abuse treatment program. *Id.* at 4.

The defendant moved for compassionate release on or about May 18, 2020. ECF 61; *see also* ECF 66. By Memorandum and Order of August 7, 2020, I denied that motion. ECF 96, ECF 97. The defendant subsequently moved for reconsideration. ECF 103.

In addition, the defendant filed a motion to vacate under 28 U.S.C. § 2255. ECF 125. By Memorandum Opinion and Order of February 2, 2023, the Court denied the defendant's post-conviction petition. ECF 138, ECF 139.

Then, by Memorandum Opinion and Order of August 7, 2024 (ECF 172, ECF 173), I addressed multiple other motions filed by defendant, including his motion for reconsideration (ECF 103), and a second motion for compassionate release. *See* ECF 140, ECF 143. Of import, I reduced defendant's total sentence from 108 months of incarceration to 96 months of imprisonment. *See* ECF 174, ECF 175.

Defendant entered supervised release on December 19, 2024. *See* ECF 185 at 3, ¶ 7. Since then, the United States Probation Office has filed two reports noting defendant's noncompliance with terms and conditions of supervised release, both docketed on April 21, 2026. ECF 180, ECF 181. In particular, on April 21, 2026, U.S. Probation Officer ("U.S.P.O.") Amirrah Peterson notified the Court that on February 19, 2026, the defendant tested positive for amphetamines, methamphetamines, and marijuana. *Id.*

Defendant contends that he is in need of early termination to relocate out of Baltimore. ECF 182. He asserts that Baltimore City "has been toxic" for him, and he needs "to get off probation." *Id.* He also asserts that he has been doing well on supervision. *Id.*

In response to an inquiry from the Court (ECF 183), U.S.P.O. Peterson submitted a report dated August 18, 2026. ECF 186. She states, *id.* at 2: "Mr. Cole's adjustment to supervision has been unsatisfactory." U.S.P.O. Peterson notes that, in addition to defendant testing positive for illegal substances on February 19, 2026, Mr. Cole failed to appear on April 28, 2026, for his appointment for substance abuse and mental health treatment. He again failed to report on April 28, 2026, and again failed to report on May 28, 2026. Although defendant attended a session on May 21, 2026, he did not attend treatment thereafter. *Id.* Ms. Peterson states, *id.*: "Mr. Cole does not meet the requirements for early termination under the District of Maryland's guidelines." *Id.*

The government notes that defendant has been on supervised release for less than two years. ECF 185 at 4. And, the government points to the defendant's noncompliance with conditions of supervised release as grounds to deny the Request.

## II. Discussion[1]

Supervised release is "a post-incarceration program intended 'to assist individuals in their transition to community life.'" *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020) (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)). "'[T]he primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term . . . or to provide rehabilitation to a defendant who has spent a fairly short period in prison . . . but still needs supervision . . . .'" *United States v. Lewis*, 90 F.4th 288, 294 (4th Cir. 2024) (citation omitted). Supervised release "essentially amounts to a *conditional* and *partial* release" from incarceration. *Id.* (emphasis in *Lewis*).

[1] I incorporate here the factual summary from the defendant's Plea Agreement, to which he stipulated.

Punishment is not "an appropriate reason" to impose supervised release. *Lewis*, 90 F.4th at 294. Rather, supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 59. In imposing supervised release, the court must consider, *inter alia*, the defendant's history and characteristics and the need to deter criminal conduct. *Lewis*, 90 F.4th at 295.

The Request implicates 18 U.S.C. § 3583(e)(1). It provides the District Court with authority to grant early termination of supervised release if, in the court's discretion, the relief is appropriate and serves the interests of justice. It states:

> The court may, after considering the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

In sum, under 18 U.S.C. § 3583(e)(1), a court, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

In assessing whether a defendant has met that burden, a court must consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

> (3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);
>
> (4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and
>
> (6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

Effective November 1, 2025, the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G.") were amended as to the imposition, modification, termination, and revocation of supervised release. Of relevance here, the Amendment created a new section, U.S.S.G. § 5D1.4. Section 5D1.4(b) provides:

> (b) EARLY TERMINATION.—Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice. See 18 U.S.C. § 3583(e)(1).

The Commentary includes factors that a court may consider in determining whether early termination is appropriate:

> (B) **Early Termination.**—When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

Here, defendant committed very serious offenses. *See* 18 U.S.C. § 3553(a)(1). The Plea Agreement contains a stipulation of facts that sets forth the gravity of the crimes. ECF 27. As the Plea Agreement reflects, defendant was selling opioid narcotics near an elementary school and carried a handgun with five rounds of ammunition. *Id.* at 10.

Defendant has served about 21 months of his five-year term of supervised release. Of import, defendant has not fully complied with the terms of his supervision, and his alleged violations are serious. He tested positive for illegal substances. ECF 180, ECF 181. And, on more than one occasion, he failed to report for needed treatment. *See* ECF 186. This is not conduct that warrants early termination of supervision.

The Court must also consider 18 U.S.C. § 3553(a)(1). Public safety weighs heavily here. But, other factors are also important. They include the nature and circumstances of the underlying offense, the need to promote respect for the law, and the need to deter any future misconduct by defendant. These factors also lead me to conclude that early termination of supervision is not appropriate at this time.

**III. Conclusion**

In my view, supervision is crucial to assist defendant in maintaining his status as a law-abiding, productive member of the community. Moreover, supervised release is not unduly

burdensome, particularly when I consider the gravity of the crimes. Therefore, I shall deny the Request, without prejudice to the right of defendant to renew the Request at a later time.

An Order follows.

Date: September 22, 2026

/s/
Ellen L. Hollander
United States District Judge